UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAMOND SANDERS | CIVIL ACTION |
| VERSUS | NO. 19-12471 |
| JAMES LEBLANC, WARDEN ROBERT TANNER, KARLA HILLMAN, BRITTANY MORGAN | SECTION "J"(4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual and Procedural Background

The plaintiff, Shamond Sanders, is a convicted inmate housed in the B.B. "Sixty" Rayburn Correctional Center ("RCC") in Angie, Louisiana.[1] Sanders filed this *pro se* and *in forma pauperis* complaint against the defendants, Secretary James LeBlanc of the Louisiana Department of Corrections ("DOC"), RCC Warden Robert Tanner, Classification Director Karla Hillman, and Classification Counselor Brittany Morgan. Sanders alleges that his mother is ill and unable to travel distances to see him. He further alleges that the defendants violated his constitutional rights because they have denied his requests to be transferred to the Elayn Hunt Correctional Center ("Hunt") to facilitate his mother's visits. Sanders seeks monetary compensation and an order for his transfer to Hunt.

---

[1] Rec. Doc. No. 3.

## II.     Standards for Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).  It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).  Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III.    Discussion

Sanders asserts that his constitutional rights have been violated by the defendants' failure to transfer him to a prison in a more convenient proximity to his mother.  When a constitutional

violation is alleged by a plaintiff, § 1983 provides a federal cause of action against any person who, acting under color of state law, has violated the plaintiff's constitutional rights. 42 U.S.C. § 1983; *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). A plaintiff must establish both the constitutional violation and that the action was taken by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981).

In this case, however, Sanders has failed to assert the violation of a constitutional right by these defendants. The Due Process Clause does not, by itself, grant a prisoner a protected liberty interest in the location of his confinement. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Yates v. Stalder*, 217 F.3d 332, 335 (5th Cir. 2000); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Furthermore, when a state statute vests its officials with broad discretionary authority concerning the placement and transfer of its prisoners, the Constitution affords the prisoners <u>no</u> constitutionally protected interests that might outweigh the state prison officials' discretion or the public interests in prison administration. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983) (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause).

The federal courts have long recognized that the controlling provisions of La. Rev. Stat. Ann. § 15:824(A)[2] vest extremely broad discretion in the DOC officials responsible for the placement of state prisoners in Louisiana. *See Alphonse v. La. Dep't of Pub. Safety & Corrs.*, No. 18-6133, 2018 WL 4252642, at *1 (E.D. La. Sep. 6, 2018) (citing *Haynes v. Henderson*, 480 F.2d

---

[2] La. Rev. Stat. Ann. § 15:824(A) provides as follows (emphasis added): "Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and *not to any particular institution* within the jurisdiction of the department. The secretary of the department *may* transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department."

550, 552 (5th Cir. 1973)). In *Haynes*, the United States Fifth Circuit found that La. Rev. Stat. Ann. § 15: 824 created no constitutionally protected interest in a Louisiana prisoner's confinement location. *Id*. at 552. The Court reasoned that the statute "specifically provides that an adult prisoner shall not be committed to any particular institution," which "leaves complete discretion in the Louisiana Department of Corrections to decide in what institution a convicted adult offender shall serve his sentence of confinement." *Id*. For this reason, the courts in the Fifth Circuit have repeatedly held that, pursuant to the unvaried language in §15:824, the placement of inmates in Louisiana is a discretionary duty vested in the DOC, and as a result, state inmates have no constitutionally protected right to be housed in a particular location. *Woods v. Edwards*, 51 F.3d 577, 581-82 (5th Cir. 1995); *see also*, *Sandifer v. Tanner*, No. 14-1670, 2015 WL 4168172, at *5 (E.D. La. Jul. 1, 2015) (Order adopting Report and Recommendation); *Addison v. McVea*, No. 13-5264, 2014 WL 7137565, at *3 (E.D. La. Dec. 15, 2014) (Order adopting Report and Recommendation); *Santos v. La. Dep't of Corrs. Sec.*, No. 95-4215, 1996 WL 89260, at *4 (E.D. La. Feb. 28, 1996).

Sanders has failed to identify a protected constitutional right for purposes of asserting a §1983 claim. His complaint, therefore, is frivolous and fails to state a claim for which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Sanders § 1983 complaint against the defendants, Secretary James LeBlanc, Warden Robert Tanner, Karla Hillman, and Brittany Morgan, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 30th day of September, 2019.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.